CITY OF CLEVELAND

v.

SMITH.█

Cleveland Municipal Court.

No. 2001 CRB 011207.

Decided June 12, 2001.

*Julie Horton–Boyle,* Assistant City Prosecutor, for city of Cleveland.

*Kenneth J. Rexford* and *Legal Aid Society of Cleveland,* for defendant.

C. ELLEN CONNALLY, Judge.

On April 9, 2001, the defendant, Reginald Smith, filed a motion to dismiss the complaint. Defendant alleges that Cleveland Municipal Code 627.10, possessing certain weapons at or about public places, is vague, overbroad, and a violation of the substantive due process provisions of the United States Constitution.

Cleveland Municipal Code 627.10 states:

"(a) No person shall knowingly carry, have in his possession or ready at hand any * * * knife having a blade two and one-half inches in length * * * while at or about a public place.

"(b) [definition of public place]

"(c) [exemption for police, agents of government]

"(d) This section shall not apply if any weapon in division (a) of this section was part of a public weapon display, show or exhibition, or was in the possession of a person participating in an organized match, competition or practice session.

"(e) It is an affirmative defense to a charge under this section that the actor was not otherwise prohibited by law from possessing the weapon, and that the weapon was kept ready at hand by the actor for defense purposes, while he was engaged in his lawful business or occupation, which business or occupation was of such character or at such a place as to render the actor particularly susceptible to criminal attack, such as would justify a prudent man in having the weapon ready at hand."

Recently, the Ninth District Court of Appeals in *Akron v. Rasdan* (1995), 105 Ohio App.3d 164, 663 N.E.2d 947, and the Eighth District Court of Appeals in *Rocky River v. Saleh* (2000), 139 Ohio App.3d 313, 743 N.E.2d 944, have examined the constitutionality of ordinances governing the carrying of concealed weapons.

In *Akron v. Rasdan,* the Ninth District Court of Appeals struck down Akron's knife ordinance. The Akron ordinance stated:

" 'No person shall carry on or about his person a pistol, a knife having a blade two and one-half inches in length * * * or other dangerous weapon. However, upon trial of this charge, the defendant shall be acquitted if it appears that he was at the time engaged in a lawful business, calling, employment, or occupation, and that the circumstances in which he was placed justified a prudent man in possessing such a weapon for the defense of his person or family.' " (Emphasis deleted.) *Akron v. Rasdan,* 105 Ohio App.3d at 168, 663 N.E.2d at 949.

The *Rasdan* court found that Akron's knife ordinance encompassed an unreasonable amount of lawful activity. The court found that an individual who carried a knife for hunting, fishing, camping, scouting, or other recreational activity would be in violation of this ordinance. The *Rasdan* court found that Akron's blanket prohibition against carrying a knife two and one-half inches or longer swept too much innocent activity within its scope, and, therefore, was unconstitutional.

In contrast to the *Rasdan* court, the Eighth District Court of Appeals in *Rocky River v. Saleh,* upheld Rocky River's knife ordinance. Rocky River's knife ordinance states:

" '(A) No person shall carry on or about his person * * * any knife having a blade two and one-half * * * inches in length or longer * * *.

" '(B) This Section does not apply to any such weapons designated for use by officers of the law, or when a person is engaged in lawful business or pursuit justifying possession of such weapon.' " *Rocky River v. Saleh,* 139 Ohio App.3d at 321–322, 743 N.E.2d at 950.

The Eighth District Court of Appeals found that the Rocky River ordinance had an exception for individuals carrying a two and one-half inch blade knife while engaged in lawful, innocent behavior. The court found that the Rocky River ordinance did not impose criminal liability on conduct that is otherwise innocent, harmless, and useful.

Comparing the Cleveland ordinance with the Akron and Rocky River ordinances reveals many similarities, but a few crucial differences. The Cleveland ordinance has a *mens rea* of "knowingly," which is not present in either the Akron or Rocky River ordinances. The Cleveland ordinance has exceptions for public weapon displays, shows, or exhibitions, or when the prohibited knife is in the possession of a person participating in an organized match, competition, or practice session.

However, the major constitutional question with the Cleveland ordinance is the section delineating when a weapon can be carried lawfully apart from the exhibition exception. According to subsection (e) of the Cleveland ordinance, only an individual who is not otherwise prohibited by law from possessing the weapon, *and* kept the weapon for defense purposes while engaged in a lawful business or occupation particularly susceptible to criminal attack would be exempt from prosecution under the ordinance. This phrase is written in the conjunctive in that both elements must be met for an individual to have a defense to the charge.

Under the Rocky River ordinance, an individual would have a defense to the charge either when engaged in lawful business *or* engaged in a pursuit justifying possession of such weapon. These phrases are drafted in the disjunctive in that an individual would have a defense under either situation.

Cleveland's carrying a concealed weapon ordinance is written in the conjunctive, and, therefore, more analogous to the Akron ordinance.

The lack of exception in Cleveland's ordinance for lawful recreational activity, such as hunting, fishing, camping, or scouting, fatally sweeps an unreasonable amount of protected behavior under the Cleveland ordinance.

Defendant has only challenged the specific provision of the Cleveland ordinance relating to the carrying of a knife two and one-half inches long. The remainder of the provisions of Cleveland Municipal Code 627.10 is not essentially or

**54**

inseparably connected in substance to the other weapons provisions of the ordinance. Thus, only the provision of Cleveland Municipal Code 627.10 that relates to the carrying of a knife having a blade two and one-half inches in length is unconstitutional.

*Judgment accordingly.*